Barbara HALL, Appellant,

v.

TRANSIT AUTHORITY OF LEXINGTON–FAYETTE URBAN COUNTY GOVERNMENT; ATE Management & Services Co., Inc.; and Patrick L. Hamric, Appellees.

No. 93–CA–000037–MR.

Court of Appeals of Kentucky.

March 18, 1994.

Rehearing Denied May 5, 1994.

Discretionary Review Denied by Supreme Court Oct. 19, 1994.

William C. Jacobs, Catherine M. Stevens, Eugene F. Mooney, Mooney, Mooney & Mooney, Lexington, for appellant.

Jeffrey A. Darling, James David Lyon, Lyon, Golibersuch, Darling & Reynolds, Lexington, for appellee Patrick L. Hamric.

Jennifer B. Coffman, Jeffrey S. Walther, Jane E. Mitchell, Newberry, Hargrove & Rambicure, P.S.C., Lexington, for appellee ATE Management & Services Co., Inc.

Michael H. Baker, Gallion, Baker & Bray, Lexington, for appellee Transit Authority of Lexington–Fayette Urban County Government.

Before EMBERTON, HUDDLESTON and JOHNSTONE, JJ.

## OPINION

HUDDLESTON, Judge.

Barbara Hall filed a sexual harassment suit against her supervisor, Patrick L. Hamric, his employer, ATE Management & Services Co., Inc., and her employer, Transit Authority of Lexington–Fayette Urban County Government (LexTran).[1] In her suit, Hall claimed that Hamric directed unwelcomed sexual comments and inquiries toward her for several years. Hall alleged that Hamric's behavior violated Ky.Rev.Stat. (KRS) 344.040, part of Kentucky's Civil Rights Act modeled after the Federal Civil Rights Act. Hall's case was based upon two grounds: quid pro quo sexual harassment and hostile work environment. The case was tried to a jury which returned a verdict for the appellees. A judgment based on the verdict dismissed Hall's complaint.

On appeal, Hall claims that the trial court improperly instructed the jury on her hostile work environment claim by using an objective "reasonable female employee" standard rather than a subjective standard. Hall also argues that the trial court erred by admitting evidence of Hall's extra-marital affair with a co-worker; and she attacks the admission of

---

1. LexTran contracted with ATE to provide management services. ATE employed Hamric to serve as general manager of LexTran.

testimony from a counselor based upon notes made immediately after several counseling sessions with Hall.

I

Suits for sexual harassment in the workplace may be brought under KRS 344.040. This statute prohibits discrimination "against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's ... sex...." KRS 344.040(1). Since Kentucky's statute is similar to the federal statute, the Kentucky Supreme Court in *Meyers v. Chapman Printing Co., Inc.,* Ky., 840 S.W.2d 814 (1992), held that KRS 344.040 "should be interpreted consonant with federal interpretation." *Id.,* at 821.

Hall argues that under *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986), the court should have instructed the jury to apply a subjective standard. Contrary to Hall's argument, *Meritor* does not mandate the use of a subjective standard. In fact, the issue of applicable standards in sexual harassment suits was not before the Court in *Meritor.* In *Meritor,* the Supreme Court held that a claim under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) does not require a finding of economic effect and that it is sufficient to show that the harassment created a hostile or abusive work environment.

The Supreme Court decided the issue of the appropriate standard to apply in sexual harassment cases based upon a claim of hostile work environment in *Harris v. Forklift Systems, Inc.,* 510 U.S. ——, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). While the Court's opinion in *Harris* primarily addresses the issue of whether a psychological injury is required in hostile work environment claims, the Court clearly stated that Title VII requires a combined standard.

> Conduct that is not severe or pervasive enough to create an *objectively* hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview. Likewise, if the victim does not *subjectively* perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation.

*Id.,* 510 U.S. at ——, 114 S.Ct. at 370, 126 L.Ed.2d at 302 (Emphasis supplied).

■ The trial court instructed the jury on Hall's hostile work environment claim as follows:

> Do you believe from the evidence:
> (a) that Patrick Hamric subjected Barbara Hall, because of her female sex, to unwelcomed sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature;
> (b) that such conduct was so severe *and*[2] pervasive that it had the purpose or effect of unreasonably interfering with a reasonable female employee's work performance or creating an intimidating, hostile, or offensive work environment for a reasonable female employee;
> AND
> (c) that such conduct caused injury to the psychological well-being of Barbara Hall?

This instruction clearly used the standard contemplated by the Supreme Court in *Harris.* Subsection (a) of the disputed instruction addressed the first element of a hostile work environment claim, unwelcome sexual advances, in a subjective manner. Subsection (b) described the remaining element of Hall's claim using the objective standard of the reasonable female employee. Thus, the circuit court did not err in its instructions to the jury.

II

Hall claims as error the circuit court's decision to admit evidence of Hall's extramarital affair with a co-worker which, Hall alleges, predated Hamric's arrival at Lex-Tran.[3] She argues that the prejudicial effect of this evidence substantially outweighed its

---

2. The instruction should read "severe *or* pervasive." The error in the use of "and" was not called to the trial court's attention and is not asserted as an error on appeal.

3. At trial, the defendants-appellees presented evidence that Hall's affair continued for sometime after she claimed that it ended.

probative value. Hall also claims that victims of sexual harassment ought to be protected from extensive probing into their personal lives just as rape victims are protected under rape shield laws.

Hall concedes that evidence of her extra-marital affair is relevant to the issue of damages. If an employee made a claim for damages based upon a physical trauma allegedly suffered in the workplace, any prior or contemporaneous complaints relating to other causes of the alleged injury would most certainly be relevant. The same reasoning applies to injuries resulting from non-physical traumas such as sexual harassment. Evidence of other factors that possibly contributed to Hall's emotional injuries are clearly relevant to the issue of damages in this case.

When evaluating a hostile work environment claim, the court must examine the workplace from "the totality of circumstances, such as the nature of the sexual advances and the context in which the alleged incidents occurred." *Meritor,* 477 U.S. at 69, 106 S.Ct. at 2406, 91 L.Ed.2d at 61 (quoting 29 CFR § 1604.11(b) (1985)). In *Meritor,* the Court found evidence of the claimant's sexually provocative speech or dress to be relevant to the issue of unwelcomeness. *Id.* Thus, evidence of Hall's extra-marital affair with a co-worker, which was often the topic of gossip among the employees of LexTran, was properly admitted as relating to Hall's work environment.

Kentucky Rules of Evidence 403, KRS 422A.0403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." The court must balance the probative value of proffered evidence against its possible prejudicial effect. This "is a determination which rests largely in the discretion of the trial court...." *Transit Authority of River City v. Vinson,* Ky.App., 703 S.W.2d 482, 484 (1985) (quoting *Glens Falls Insurance Co. v. Ogden,* Ky., 310 S.W.2d 547 (1958)). On appeal, we will not disturb a trial court's ruling to admit or exclude evidence "absent an abuse of discretion." *Vinson,* 703 S.W.2d at 484 (citing *Tumey v. Richardson,* Ky., 437 S.W.2d 201, 205 (1969)). Here we find no such abuse.

III

Hall claims that testimony from Counselor Marsha Hopkins was admitted in error. Hopkins worked at the University of Kentucky counseling center while obtaining her Ph.D. in counseling psychology. In 1982, Hall sought the center's services and met with Hopkins several times to discuss marital and other problems. Hopkins could not independently remember Hall or recall any of her visits to the counseling center. However, Hopkins made detailed notes in Hall's file after each session. Hopkins testified from these notes.

The recorded recollection exception to the hearsay rule allows a witness with a faded memory to testify from notes or a memorandum that the witness can show was made by her or under her direction while the information was fresh in the witness' memory and reflects that knowledge correctly. Kentucky Rules of Evidence 803(5), KRS 422A.0803(5); Robert G. Lawson, *Kentucky Evidence Law Handbook,* § 8.85 (3d ed. 1993). Hall argues that the testimony was not admissible under this exception to the hearsay rule because of the failure to establish that the notes were made while fresh in Hopkins' mind and that they accurately reflected her knowledge.

While testifying, Hopkins admitted that the notes were of limited usefulness to a stranger. However, she also stated that they provided her with a means of refreshing her memory of a patient's condition upon that patient's next session. The qualifications that Hopkins made as to the quality of the notes does not require their exclusion. Rather, such comments properly reflect upon the credibility of the testimony, a matter which is evaluated by the jury. The circuit court properly admitted Hopkins' testimony based upon notes made after each session with Hall under the recorded recollection exception to the hearsay rule.

The judgment is affirmed.

All concur.